```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LUIS BARBECHO, on behalf of         :
himself and others similarly
situated, et al.,                   :    11 Civ. 1717 (HBP)

              Plaintiffs,           :    OPINION
                                         AND ORDER
     -against-                      :

M.A. ANGELIADES, INC., et al.,      :

              Defendants.           :

----------------------------------X
```

          PITMAN, United States Magistrate Judge:


I.  Introduction

          This is a collective action brought under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the

New York Labor Law ("NYLL").  Plaintiffs have also asserted a

breach of contract claim as third-party beneficiaries.  The

matter is currently before me on the parties' application to

approve the settlements agreed to so far by 21 of the 33 plain-

tiffs.  The parties have consented to my exercising plenary

jurisdiction pursuant to 28 U.S.C. § 636(c).

          The action arises out of work performed by plaintiffs

in connection with contract between the defendants and various

public agencies, including the New York City Transit Authority

("NYCTA"), the New York City Housing Authority, the New York City Department of Corrections and the New York City School Construction Authority.  Plaintiffs allege that they worked for defendants as carpenters and laborers on these projects.  The contracts required defendants to pay the plaintiffs a prevailing rate of wage and also required that the plaintiffs be paid at least one and one-half times their regular rate for work in excess of forty hours per week and for weekend work.  Plaintiffs allege that they worked Monday through Friday for forty hours and sometimes were required to work an additional sixteen to twenty-four hours on weekends.  For the weekend work, plaintiffs claim they were paid less than their regular hourly rate.

In 2009, several of the defendants were indicted for falsifying business records and defrauding employees by underpaying them on four NYCTA projects.  Several of the defendants pleaded guilty to some of the charges against them, and a restitution fund was established to provide compensation to those workers who were underpaid.  The restitution fund, however, was limited to the projects that were the subject of the indictment. Additionally, in order to receive payment from the restitution fund, a worker was required to release all claims against the defendants.  Accordingly, many of defendants' employees did not seek payment from the fund.

With respect to almost all plaintiffs, defendants do not dispute that some wages are owed.  The parties do vigorously dispute how much is owed.  In support of their contention that plaintiffs' claims for unpaid wages after 2008 are exaggerated, defendants note that commencing in 2008, an independent monitor was installed to oversee defendants' payroll practices and that training sessions for defendants' employees were conducted in 2008 at which the employees were advised of their rights under the FLSA and the NYLL.  Defendants also note that NYCTA conducted an audit to determine what was owed to employees who worked on NYCTA projects, and the results of that audit disclosed unpaid wages in amounts far smaller than those claimed by plaintiffs.  As additional evidence that plaintiffs' claims are exaggerated, defendants cite plaintiffs' interrogatory answers which defendants argue are inconsistent with plaintiffs' present claims  and work site access records maintained in connection with several of the projects at issue.  For security reasons, several of the work sites at issue recorded when workers entered and when they left the site.  Defendants claim that these records demonstrate that some of the plaintiffs could not have worked all the hours that they claim.

On November 10, 2015, the late Honorable Miriam Goldman Cedarbaum, United States District Judge, granted in part and

denied in part defendants motion for partial summary judgment.
Specifically, Judge Cedarbaum granted defendants' motion to
dismiss the NYLL claims but denied the motion to dismiss the
breach of contract claims.[1]  Almazo v. M.A. Angeliades, Inc., 11
Civ. 1717 (MGC), 2015 WL 6965116 (S.D.N.Y. Nov. 10, 2015).

     Subsequent to Judge Cedarbaum's decision, I began
conducting day-long settlement conferences.  To date, conferences
were held on January 15, 22 and March 29, 2016.  At each settle-
ment conference, counsel and the principals discussed and negoti-
ated the claims of 21 plaintiffs individually; the claims of
approximately seven plaintiffs were discussed at each conference.
To date, the following plaintiffs have agreed to settle their
claims:

| Plaintiff | Amount Claimed | Settlement Amount |
|---|---|---|
| Edison Agudo | $126,649.00 | $26,000.00 |
| Luis R. Agudo | $110,248.00 | $26,000.00 |
| Daniel Almazo | $124,287.84 | $19,000.00 |
| Jaime Castro | $85,860.00 | $29,000.00 |
| Elias Juarez | $158,024.34 | $29,000.00 |
| Victor Martinez | $104,662.80 | $38,000.00 |
| Luis Molina | $107,353.00 | $28,000.00 |

---

[1]Defendants' motion did not seek dismissal of the FLSA
claims.

| | | |
|---|---:|---:|
| Justo Saul Mora | $329,133.00 | $38,000.00 |
| Manuel Ortega | $247,903.00 | $29,000.00 |
| Jose Pineda | $63,600.78 | $32,434.00 |
| Luis Pineda | $27,618.24 | $5,000.00 |
| Manuel Pineda | $24,225.00 | $4,000.00 |
| Cornelio Sigua | $97,394.40 | $25,000.00 |
| Luis Valdez | $129,388.32 | $23,000.00 |
| Jose Villa | $79,354.08 | $25,000.00 |
| Alfonso Yuquilima | $63,215.00 | $21,000.00 |
| Miguel Bonilla | $184,582.98 | $12,000.00 |
| Julio Pelaez | $185,550.48 | $7,000.00 |
| Manuel Imanagua | $115,953.93 | $28,000.00 |
| Luis Morocho | $299,062.40 | $10,000.00 |
| Alberto Cando | $191,394.36 | $13,500.00 |

With one or two exceptions, each of the plaintiffs listed above was present for the settlement conference with counsel and, where necessary, an interpreter.  I personally questioned all of the settling plaintiffs and confirmed that each was agreeing to accept the respective sum listed above in full and final satisfaction of that plaintiff's claim.  Each plaintiff was present for the discussion between counsel at which defendants' counsel explained the reason for the settlement figure

that was being offered and why the settlement offers substan-

tially discounted the plaintiffs' demands.

      Counsel for both sides have requested that I approve

these settlement at this point so that payments to the plaintiffs

who have settled can be made promptly.

> Court approval of an FLSA settlement is appropriate
> "when [the settlement] [is] reached as a result of
> contested litigation to resolve bona fide disputes."
> Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376,
> at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed
> settlement reflects a reasonable compromise over con-
> tested issues, the court should approve the settle-
> ment."  Id. (citing Lynn's Food Stores, Inc. v. United
> States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1

(S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Typically, courts regard

the adversarial nature of a litigated FLSA case to be an adequate

indicator of the fairness of the settlement." Beckman v.

Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.),

citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,

1353-54 (11th Cir. 1982).

      I conclude that the settlements set forth above are

fair and reasonable.  Although the settlements are generally less

than one half of each total claim, that fact does not render them

deficient.  Many of the sums plaintiffs claim still include an

amount for liquidated damages under the NYLL.  In light of Judge

Cedarbaum's decision dismissing the NYLL claims, these damages

6

are no longer available.  Second, the inconsistencies between the
amounts claimed by plaintiffs and their interrogatory answers and
the site access records constitute compelling evidence that
plaintiffs' provable damages are not as great as they claim.
Finally, I have confidence that the settlements are reasonable
based on their being agreed to by plaintiffs' counsel.  Plain-
tiffs' counsel was exceptionally well prepared at all of the
settlement conferences conducted to date and was fully familiar
with the claims of each plaintiff and the pertinent legal and
factual issues.  Given the exceptional diligence and zeal with
which plaintiffs' counsel represented their clients, I am confi-
dent that the settlements are fair.[2]

   Accordingly, I approve the settlements in this matter
between defendants and plaintiffs Edison Agudo, Luis R. Agudo,
Daniel Almazo, Jaime Castro, Elias Juarez, Victor Martinez, Luis
Molina, Justo Saul Mora, Manuel Ortega, Jose Pineda, Luis Pineda,
Manuel Pineda, Cornelio Sigua, Luis Valdez, Jose Villa, Alfonso

---

   [2]I do not address the fee arrangement between plaintiff and
their counsel because I do not believe I am required to do so
under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d
Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  As described in
Cheeks, the purpose of the FLSA is to regulate the relationship
between an employee and her employer and to protect the employee
from over-reaching by the employer.  796 F.3d at 206.  I do not
understand the FLSA to regulate the relationship between the
employee as plaintiff and his counsel or to alter the freedom of
contract between a client and his attorney.

Yuquilima, Miguel Bonilla, Julio Pelaez, Manuel Imanagua, Luis

Morocho and Alberto Cando.

Dated:   New York, New York
         April 1, 2016

                                    SO ORDERED


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel

8