```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LUIS BARBECHO, on behalf of         :
himself and others similarly
situated, et al.,                   :    11 Civ. 1717 (HBP)

                 Plaintiffs,        :    OPINION
                                         AND ORDER
     -against-                      :

M.A. ANGELIADES, INC., et al.,      :

                 Defendants.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL").  Plaintiffs have also asserted a breach of contract claim as third-party beneficiaries.  The matter is currently before me on the parties' application to approve the settlements agreed to so far by 4 more of the 33 plaintiffs.[1]  The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

---

[1] By Order dated April 1, 2016, I approved the settlements that had been reached with respect to 21 of the plaintiffs.

The action arises out of work performed by plaintiffs in connection with contracts between the defendants and various public agencies, including the New York City Transit Authority ("NYCTA"), the New York City Housing Authority, the New York City Department of Corrections and the New York City School Construction Authority.  Plaintiffs allege that they worked for defendants as carpenters and laborers on these projects.  The contracts required defendants to pay the plaintiffs a prevailing rate of wage and also required that the plaintiffs be paid at least one and one-half times their regular rate for work in excess of forty hours per week and for weekend work.  Plaintiffs allege that they worked Monday through Friday for forty hours and sometimes were required to work an additional sixteen to twenty-four hours on weekends.  For the weekend work, plaintiffs claim they were paid less than their regular hourly rate.

In 2009, several of the defendants were indicted for falsifying business records and defrauding employees by underpaying them on four NYCTA projects.  Several of the defendants pleaded guilty to some of the charges against them, and a restitution fund was established to provide compensation to those workers who were underpaid.  The restitution fund, however, was limited to the projects that were the subject of the indictment.  Additionally, in order to receive payment from the restitution

fund, a worker was required to release all claims against the defendants. Accordingly, many of defendants' employees did not seek payment from the fund.

With respect to almost all plaintiffs, defendants do not dispute that some wages are owed. The parties do vigorously dispute how much is owed. In support of their contention that plaintiffs' claims for unpaid wages after 2008 are exaggerated, defendants note that commencing in 2008, an independent monitor was installed to oversee defendants' payroll practices and that training sessions for defendants' employees were conducted in 2008 at which the employees were advised of their rights under the FLSA and the NYLL. Defendants also note that NYCTA conducted an audit to determine what was owed to employees who worked on NYCTA projects, and the results of that audit disclosed unpaid wages in amounts far smaller than those claimed by plaintiffs. As additional evidence that plaintiffs' claims are exaggerated, defendants cite plaintiffs' interrogatory answers which defendants argue are inconsistent with plaintiffs' present claims and work site access records maintained in connection with several of the projects at issue. For security reasons, several of the work sites at issue recorded when workers entered and when they left the site. Defendants claim that these records demonstrate that

some of the plaintiffs could not have worked all the hours that they claim.

On November 10, 2015, the late Honorable Miriam Goldman Cedarbaum, United States District Judge, granted in part and denied in part defendants motion for partial summary judgment. Specifically, Judge Cedarbaum granted defendants' motion to dismiss the NYLL claims but denied the motion to dismiss the breach of contract claims.[2]  Almazo v. M.A. Angeliades, Inc., 11 Civ. 1717 (MGC), 2015 WL 6965116 (S.D.N.Y. Nov. 10, 2015).

Subsequent to Judge Cedarbaum's decision, I began conducting day-long settlement conferences.  To date, conferences were held on January 15, 22, March 29, and May 16, 2016.  The claims of 21 plaintiffs were settled at the conferences held in January and March.  After negotiations, the following 4 plaintiffs agreed to settle their claims either at or after the May 16 conference:

| Plaintiff | Amount Claimed | Settlement Amount |
| --- | --- | --- |
| Julio Ortiz | $6,000.00 | $4,00.00 |
| Trinidad Ruiz | $357,237.50 | $21,500.00 |
| Angel Zabala | $200,951.52 | $5,000.00 |
| Fredy Gavalines | $57,770.52 | $35,000.00 |

---

[2]Defendants' motion did not seek dismissal of the FLSA claims.

Only Zabala was present at the May 16 settlement conference, with counsel and an interpreter.  I questioned Zabala personally at the conclusion of the conference and confirmed that he agreeing to accept $5,000.00 in full and final satisfaction of that his claims.  The 3 remaining settling plaintiffs listed above settled their claims as a result of private discussions between counsel.

Counsel for both sides have requested that I approve these settlement at this point so that payments to the plaintiffs who have settled can be made promptly.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."  Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."  Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

I conclude that the settlements set forth above are fair and reasonable. Although the settlements are generally less than one half of each total claim, that fact does not render them deficient. Many of the sums plaintiffs claim still include an amount for liquidated damages under the NYLL. In light of Judge Cedarbaum's decision dismissing the NYLL claims, these damages are no longer available. Second, the inconsistencies between the amounts claimed by plaintiffs and their interrogatory answers and the site access records constitute compelling evidence that plaintiffs' provable damages are not as great as they claim. Finally, I have confidence that the settlements are reasonable based on their being agreed to by plaintiffs' counsel. Plaintiffs' counsel was exceptionally well prepared at all of the settlement conferences conducted to date and was fully familiar with the claims of each plaintiff and the pertinent legal and factual issues. Given the exceptional diligence and zeal with which plaintiffs' counsel represented their clients, I am confident that the settlements are fair.[3]

---

[3] I do not address the fee arrangement between plaintiff and their counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and her employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not

(continued...)

Accordingly, I approve the settlements in this matter between defendants and plaintiffs Julio Ortiz, Trinidad Ruiz, Angel Zabala and Fredy Gavalines.

Dated:  New York, New York
        June 16, 2016

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

³(...continued)
understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.