UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DANIEL ALMAZO, LUIS BARBECHO,        :
MANUEL IMANAGUA, ELIAS JUAREZ,
LUIS MOLINA, JUSTO SAUL MORA,        :
LUIS MOROCHO, and LUIS TIERRA
on behalf of themselves and          :
other similarly situated,

                                     :
              Plaintiffs,            11 Civ. 1717 (HBP)
                                     :
    -against-                        OPINION
                                     :  AND ORDER
M.A. ANGELIADES, INC.,
ANGELIADES GROUP LLC, MERKOURIOS     :
"MIKE" ANGELIADES, DIMITRI
MALAKIDIS, IRENA ANGELIADES,         :
FEDERAL INSURANCE COMPANY, a
subsidiary of Chubb Group of         :
Insurance Companies, and JOHN
DOES #1-100,                         :

              Defendants.    :

----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated November 24, 2015 (Docket

Item ("D.I.") 105), plaintiffs seek partial reconsideration of an

Opinion of the late Honorable Miriam G. Cedarbaum, United States

District Judge, dated November 10, 2015 (D.I. 104) ("Summary

Judgment Opinion"), which granted that portion of defendants'

motion for summary judgment seeking dismissal of plaintiffs'

claims for unpaid overtime wages under the New York Labor Law
("NYLL") (see Pls. Mem. Of Law in Supp. Of Motion for Reconsider-
ation, dated Nov. 24, 2015 (D.I. 106) ("Pls. Mem.")).  The
parties have consented to my exercising plenary jurisdiction in
this matter pursuant to 28 U.S.C. § 636(c) (D.I. 113).  For the
reasons set forth below, plaintiffs' motion is denied.


II.  <u>Background</u>

     The facts underlying this action are summarized in
Judge Cedarbaum's Summary Judgment Opinion.  The reader's fami-
liarity with that decision is assumed and I recite only those
facts relevant to this Opinion and Order.

     At all relevant times, the Angeliades Defendants
operated a contracting business in New York City that did con-
struction work on public works projects for New York City agen-
cies (Summary Judgment Opinion at 2-3).  Plaintiffs worked as
laborers and carpenters on public works projects for the
Angeliades defendants (Summary Judgment Opinion at 3, 5).
Plaintiffs bring this collective and putative class action
alleging that defendants failed to pay them for work they per-
formed on weekends (Summary Judgment Opinion at 1, 5).  In the
First Amended Complaint (D.I. 50) ("FAC"), plaintiffs asserted
claims for failure to pay overtime wages and retaliation under

the Fair Labor Standards Act, the NYLL and for breach of contract
as third party beneficiaries (Summary Judgment Opinion at 1-2).

Judge Cedarbaum dismissed plaintiffs' claims for
overtime under the NYLL because plaintiffs failed to exhaust
their administrative remedies before asserting a claim under that
statute (Summary Judgment Opinion at 5).  In her Summary Judgment
Opinion, Judge Cedarbaum summarized the provisions of NYLL § 220,
which set forth the hours and overtime requirements and limita-
tions applicable to laborers working on public works projects
(Summary Judgment Opinion at 3-5).  Judge Cedarbaum also quoted
from the public works contracts at issue in this case, which
referenced NYLL § 220 (Summary Judgment Opinion at 3-4).  The
relevant portion of Judge Cedarbaum's opinion, which is the focus
of plaintiffs' motion for reconsideration here, provides:

> As to Plaintiffs' statutory claims, NYLL § 220(7)-(9)
> requires employees of public works projects to exhaust
> administrative remedies before bringing a private right
> of action.  Samborski v. Linear Abatement Corp., No. 96
> CIV. 1405 (DC), 1998 WL 474069, at *2 (S.D.N.Y. Aug.
> 10, 1998) [Chin, D.J.]; Ethelberth v. Choice Sec. Co.,
> [91 F. Supp. 3d 339] (E.D.N.Y. Feb. 27, 2015).  Plain-
> tiffs have given no indication that they have exhausted
> administrative remedies.  Summary judgment on the NYLL
> overtime claims is therefore granted.

(Summary Judgment Opinion at 5).

Plaintiffs do not dispute that NYLL § 220(7)-(9)
requires employees of public works projects to exhaust adminis-

trative remedies before bringing a private action.  Nevertheless, plaintiffs argue that Judge Cedarbaum erred in dismissing plaintiffs' NYLL overtime claims because plaintiffs did not assert those claims under Section 220 of the NYLL, and, therefore, they were not required to exhaust administrative remedies (Pl. Mem. at 10-11).  Plaintiffs argue that they "actually brought those claims under Article 19 [of the NYLL] and under the Wage Order, 12 NYCRR Part 142" (Pl. Mem., citing FAC at 13-15 & Pls. Mem. Of Law in Opp. to Motion for Summary Judgment, dated June 29, 2015 (D.I. 91) ("Pls. Summary Judgment Mem.") at 9).  Further, plaintiffs argue that the two cases on which Judge Cedarbaum relied do not support her ruling because those decisions involved claims that were actually asserted under NYLL § 220 (Pls. Mem. at 11-13).  Defendants oppose plaintiffs' motion and argue that plaintiffs' motion seeks to re-litigate arguments that were already presented to and rejected by Judge Cedarbaum (Defs Mem. of Law in Opposition to Pls. Motion for Reconsideration, dated Dec. 15, 2015 (D.I. 109) ("Def. Mem.") at 3).[1]

---

[1]Defendants also raise alternative bases for dismissal of plaintiffs' NYLL claims and repeat arguments that they raised in their original motion for summary judgment seeking dismissal of plaintiffs' contract claims (Defs. Mem. at 3-6).  This appears to be an effort to seek reconsideration of those portions of Judge Cedarbaum's Summary Judgment Opinion that were adverse to defendants.  Defendants' attempt to make their own motion for
(continued...)

III.  <u>Analysis</u>

   A.  <u>Legal Standards</u>

       Motions for reconsideration are appropriate only under
limited circumstances.  As explained by the late Honorable Peter
K. Leisure, United States District Judge, in <u>Davidson v. Scully</u>,
172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

>       A motion for reconsideration may not be used to
>    advance new facts, issues or arguments not previously
>    presented to the Court, nor may it be used as a vehicle
>    for relitigating issues already decided by the Court.
>    <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d
>    Cir. 1995).  A party seeking reconsideration "is not
>    supposed to treat the court's initial decision as the
>    opening of a dialogue in which that party may then use
>    such a motion to advance new theories or adduce new
>    evidence in response to the court's rulings."  <u>Polsby
>    v. St. Martin's Press, Inc.</u>, No. 97 Civ. 690, 2000 WL
>    98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.).
>    Thus, a motion for reconsideration "is not a substitute
>    for appeal and 'may be granted only where the Court has
>    overlooked matters or controlling decisions which might
>    have materially influenced the earlier decision.'"
>    <u>Morales v. Quintiles Transnational Corp.</u>, 25 F. Supp.
>    2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

------

       [1](...continued)
reconsideration through their opposition brief is improper and
untimely.  <u>See</u> Fed. R. Civ. P. 7(b)(1) (a request for a court
order must be made by motion); S.D.N.Y. Local Rule 6.3 (providing
that a notice of motion for reconsideration shall be served
within fourteen days after entry of the court's determination on
the original motion).  I shall not, therefore, address these
arguments.

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.).  "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

A moving party is entitled to reargument under Local Rule 6.3 where she "can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted), abrogated on other grounds, In re Zarnel, 619 F.3d 156, 167 (2d Cir. 2010); accord Allied Mar., Inc. v. Rice Corp., 361 F. Supp. 2d 148, 149 & n.1 (S.D.N.Y. 2004) (Scheindlin, D.J.).

Thus, a motion for reconsideration generally may not advance "new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (Marrero, D.J.), quoting Davidson v. Scully, supra, 172 F. Supp. 2d at 461.  "These limitations serve to

ensure finality and to prevent losing parties from using motions
for reconsideration as a vehicle by which they may then plug the
gaps of a lost motion with additional matters." In re City of
New York, as Owner & Operator of M/V Andrew J. Barberi,
CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10,
2008), citing Zoll v. Jordache Enters. Inc., 01 Civ. 1339 (CSH),
2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.);
accord Cohn v. Metro. Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL
2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

       B.  Application of the
           Foregoing Principles

       Although plaintiffs correctly note that they did not
rely on NYLL § 220 in asserting their NYLL claims in the FAC, the
case law indicates that plaintiffs' state statutory unpaid
overtime claims for work on public works projects are nonetheless
governed by NYLL § 220.  There is compelling authority that NYLL
§ 220 was meant to supersede other statutory remedies.  For
example, in one case, the Fourth Department stated that "the
express imposition of liability and creation of particular
remedies [in NYLL § 220] suggests that . . . except for pre-
existing common law remedies, the Legislature intended the
specific remedies it created [in NYLL § 220] to be the exclusive

7

remedies." <u>E. Williamson Roofing & Sheet Metal Co. v. Town of Parish</u>, 139 A.D.2d 97, 104, 530 N.Y.S.2d 720, 725 (4th Dep't 1988); <u>accord</u> <u>Samborski v. Linear Abatement Corp.</u>, <u>supra</u>, 1998 WL 474069 at *3.  Other cases similarly recognize that a party may not evade NYLL § 220's administrative exhaustion requirement for claims that fall within the statute's purview.  <u>See</u> <u>Johnson v. Carlo Lizza & Sons Paving, Inc.</u>, 160 F. Supp. 3d 605, 613 (S.D.N.Y. 2016) (Engelmayer, D.J.) ("When the relevant public works contract expressly incorporates the prevailing-wage re-quirement of New York law, as such contracts must, it is clear that workers may <u>either</u> pursue an administrative remedy or sue for breach of contract as third-party beneficiaries." (footnote omitted; emphasis in original)); <u>Brandy v. Canea Mare Contr., Inc.</u>, 34 A.D.3d 512, 514, 825 N.Y.S.2d 230, 232 (2d Dep't 2006) ("The Supreme Court . . . properly determined that the plaintiffs were required to exhaust their administrative remedies prior to commencing a cause of action . . . under Labor Law § 220-g . . . .  The plaintiffs may not circumvent the exhaustion of remedies requirement under the statute by asserting that they did not really bring a cause of action pursuant thereto."); <u>Jara v. Strong Steel Door, Inc.</u>, 20 Misc.3d 1135(A), 872 N.Y.S.2d 691 (Table), 2008 WL 3823769 at *12 (N.Y. Sup. 2008) ("To the extent that prevailing wages are sought to be recovered [for labor at

public works], Labor Law § 191 is an inappropriate vehicle for

such recovery. . . .  Rather, Labor Law § 220 is the appropriate

statutory provision applicable to plaintiffs' claims") (citations

omitted).  Thus, the case law squarely supports Judge Cedarbaum's

holding that plaintiffs' overtime claims are governed by NYLL §

220.

   Plaintiffs cite <u>Ethelberth v. Choice Sec. Co.</u>, <u>supra</u>,

91 F. Supp. 3d 339, for the proposition that an employee on a

public works project can choose whether to bring his claim under

NYLL § 220 or another NYLL provision that does not require

exhaustion of administrative remedies (Pl. Mem. at 12).  Plain-

tiffs correctly point out that the plaintiffs' NYLL § 220 claims

in <u>Ethelberth</u> were dismissed for failure to exhaust administra-

tive remedies but that the plaintiffs were permitted to proceed

with their claims under the New York Minimum Wage Act, NYLL §

650, <u>et</u>. <u>seq</u>.  See <u>Ethelberth v. Choice Sec. Co.</u>, <u>supra</u>, 91 F.

Supp. 3d at 358-59.  In <u>Ethelberth</u>, however, plaintiffs' NYLL

claims arose from work done on both public works projects and at

private sites.  See <u>Ethelberth v. Choice Sec. Co.</u>, <u>supra</u>, 91 F.

Supp. 3d at 346.  There is some ambiguity in the decision because

in the portion of the decision discussing which claims survived

the motion to dismiss, the court did not explicitly address the

distinction between work at private sites and public works

projects.  See Ethelberth v. Choice Sec. Co., supra, 91 F. Supp. 3d at 358-59.  Nonetheless, the decision does not support the proposition that the plaintiffs in this case, whose claims are for work done exclusively on public works projects, may choose which remedy to pursue under the NYLL.

Moreover, plaintiffs' proposed interpretation of the statute would render the provisions of NYLL § 220 -- including its mandate of administrative exhaustion -- superfluous.  "In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning."  McKinney N.Y. Statutes § 231; accord Matter of Suarez v. Williams, 26 N.Y.3d 440, 451, 44 N.E.3d 915, 921, 23 N.Y.S.3d 617, 623 (2015) (rejecting interpretation of a statute that would "eviscerat[e]" or at "at best [make] redundant and unnecessary" an avenue for seeking relief under the statute and, thus, "would contravene the legislative purpose, and would be contrary to the well-established rule that courts should not interpret a statute in a manner that would render it meaning- less").  If a worker on a public works project could circumvent the administrative exhaustion requirement in NYLL § 220 by filing claims under another provision of the statute, that would effec- tively nullify the exhaustion requirement for claims related to

work on public works projects.  Plaintiffs here have not identi-
fied anything that renders NYLL § 220 inapplicable to their
claims -- indeed, in the FAC, they seek unpaid wages "including
prevailing wages" (FAC at ¶¶ 27-32, 94), which plaintiffs assert
is defined in NYLL § 220 (Pls. Summary Judgment Mem. at 1 & n.2,
citing HMI Mech. Sys., Inc. v. McGowan, 266 F.3d 142, 145 (2d
Cir. 2001), citing NYLL § 220(3), (5)(b)).  Therefore, I decline
to adopt plaintiffs' proposed interpretation of the NYLL, which
would render NYLL § 220's administrative exhaustion requirement
superfluous.

IV.  Conclusion

        Because there is no reason to revisit Judge Cedarbaum's
Summary Judgment Opinion dismissing plaintiffs' NYLL claims,
plaintiffs' motion for reconsideration (D.I. 105) is denied.

Dated:  New York, New York
        September 29, 2016

                          SO ORDERED

                          _____
                          HENRY PITMAN
                          United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

                            11