```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
LUIS BARBECHO, on behalf of         :
himself and others                  :
similarly situated, et al.,         :
                                    :   11 Civ. 1717 (HBP)
                  Plaintiffs,       :
                                    :   OPINION
       -against-                    :   AND ORDER
                                    :
M.A. ANGELIADES, INC., et al.,      :
                                    :
                  Defendants.       :
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This is a collective action brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiffs have also asserted a breach of contract claim. The matter is currently before me on the parties' application to approve the settlements agreed to by eight of the more than 33 plaintiffs.[1] The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

The action arises out of work performed by plaintiffs in connection with contracts between defendants and various

---

[1] By Orders dated April 1, 2016 and June 21, 2016, I approved the settlements that had been reached with respect to 25 of the plaintiffs.

public agencies, including the New York City Transit Authority (the "NYCTA"), the New York City Housing Authority, the New York City Department of Correction and the New York City School Construction Authority. Plaintiffs allege that they worked for defendants as carpenters and laborers on these projects. The contracts required defendants to pay plaintiffs a prevailing wage rate and required that plaintiffs be paid at least one and one-half times their regular rate for work in excess of forty hours per week and for weekend work. Plaintiffs allege that they worked Monday through Friday for forty hours and sometimes were required to work an additional sixteen to twenty-four hours on weekends. For the weekend work, plaintiffs claim they were paid less than their regular hourly rate.

In 2009, several of the defendants were indicted for falsifying business records and defrauding employees by underpaying them on four NYCTA projects. Several of the defendants pleaded guilty to some of the charges, and a restitution fund was established to provide compensation to those workers who were underpaid. The restitution fund, however, was limited to the projects that were the subject of the indictment. Additionally, in order to receive payment from the restitution fund, a worker was required to release all claims against the defendants.

2

Accordingly, many of defendants' employees did not seek payment from the fund.

Defendants concede that almost all plaintiffs are owed some wages. However, the parties vigorously dispute how much is owed. In support of their contention that plaintiffs' claims for unpaid wages after 2008 are exaggerated, defendants note that commencing in 2008, an independent monitor was installed to oversee defendants' payroll practices and that in 2008 training sessions for defendants' employees were conducted at which the employees were advised of their rights under the FLSA and NYLL. Defendants also note that the NYCTA conducted an audit to determine what was owed to employees who worked on NYCTA projects, and that audit disclosed unpaid wages in amounts far smaller than those claimed by plaintiffs. As additional evidence that plaintiffs' claims are exaggerated, defendants cite plaintiffs' interrogatory answers which defendants argue are inconsistent with plaintiffs' present claims. Defendants also cite work-site access records maintained in connection with several of the projects at issue; for security reasons, sign-in/sign-out logs were maintained at several of the work sites at issue. Defendants claim that these records demonstrate that some of the plaintiffs could not have worked all the hours that they claim.

On November 10, 2015, the late Honorable Miriam Goldman Cedarbaum, United States District Judge, granted in part and denied in part defendants' motion for partial summary judgment. Specifically, Judge Cedarbaum granted defendants' motion to dismiss the NYLL claims but denied the motion to dismiss the breach of contract claims.[2] Almazo v. M.A. Angeliades, Inc., 11 Civ. 1717 (MGC), 2015 WL 6965116 (S.D.N.Y. Nov. 10, 2015) (Cedarbaum, D.J.), reconsideration denied, 2016 WL 5719748 (S.D.N.Y. Sept. 29, 2016) (Pitman, M.J.).

Subsequent to Judge Cedarbaum's decision, I began conducting day-long settlement conferences. Conferences were held on January 15, 22, March 29, and May 16, 2016. The claims of 21 plaintiffs were settled at the conferences held in January and March. After negotiations, four other plaintiffs agreed to settle their claims either at or after the May 16 conference. Finally, in August 2016 and November 2016, the following eight plaintiffs agreed to settle their claims:

| Plaintiff | Amount Claimed | Settlement Amount |
| --- | --- | --- |
| Juan Siavichay | $86,242.00 | $18,000.00 |
| Luis Terra | $172,531.28 | $25,000.00 |
| Jose Barbecho | $168,391.86 | $25,000.00 |

---

[2] Defendants' motion did not seek dismissal of the FLSA claims.

4

| | | |
|---|---|---|
| Luis Barbecho | $209,236.32 | $50,000.00 |
| Efrain Fernandez | $108,216.00 | $25,000.00 |
| Wilson Ortiz | $130,945.92 | $45,000.00 |
| Crecensiano Ruiz | $152,785.44 | $75,000.00 |
| Miguel Yuquilima[3] | $185,401.92 | $45,000.00 |

The parties have also agreed that defendants will pay an additional 1/3 of the total settlement amount of the August 2016 agreement and an additional 1/6 of the total settlement amount of the November 2016 agreement as attorneys' fees and costs.

A preliminary review of the proposed settlements reveals that I cannot approve them in their current form because each contains a general release that runs only in favor of defendants. In relevant part, the release reads as follows:

> [Each plaintiff] hereby releases and forever discharges defendants . . . from any and all actions, causes of action, . . . claims . . . whatsoever, in law or equity, he ever had, now has, or shall have against [the defendants] as of the Date of this Release, on the basis of any local, state or federal law, regulation or ordinance, New York public policy, contract, tort, or common law, or other laws, rules, regulations and/or guidelines, constitutions, ordinances, or any other claim for unpaid wages or salary, back pay, fringe benefits, liquidated damages, interest or compensation of any kind whatsoever against [the defendants], the

---

[3]Siavichay and Tierra settled their claims in August 2016, and the other plaintiffs settled their claims by a separate agreement in November 2016.

5

> [plaintiff] . . . ever had, now ha[s] or hereinafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

(Letter from Melissa S. Chan, Esq., to the undersigned, dated Aug. 19, 2016, Ex. 2 to Stipulation of Partial Settlement; Letter from Melissa S. Chan, Esq., to the undersigned, dated Dec. 1, 2016, Ex. 2 to Stipulation of Settlement).

This release is not limited to wage-and-hour issues or to claims at issue in this lawsuit; specifically, the plaintiffs would be releasing all claims for fringe benefits, liquidated damages, interest or compensation of any kind, no matter the source of the claim. Numerous judges in this Circuit have rejected general releases in FLSA settlement agreements that are not limited to wage-and-hour issues. See Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.) (collecting cases); see also Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.) (approving "broad" release because it was limited to "'conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. §[§] 201 et seq. and New York Labor Law, and its governing regula-

6

tions'"). The settlement should more narrowly define what is being released.[4]

Accordingly, within 30 days of the date of this Order, the parties are to submit either revised settlement agreements that eliminate the foregoing issue or a memorandum of law explaining why the proposed settlement agreements should be approved in their present form.

Dated:  New York, New York
        March 30, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

---

[4] I recognize that I have approved prior settlements in this matter with identical releases. However, the case law has evolved since those approvals. "Wisdom too often never comes, and so one ought not to reject it merely because it comes too late." Henslee v. Union Planters Nat'l Bank & Tr. Co., 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).