UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
LUIS BARBECHO, on behalf of         :
himself and others                  :
similarly situated, et al.,         :
                                    :    11 Civ. 1717 (HBP)
            Plaintiffs,             :
                                    :    OPINION
     -against-                      :    AND ORDER
                                    :
M.A. ANGELIADES, INC., et al.,      :
                                    :
            Defendants.             :
                                    :
-----------------------------------X

          PITMAN, United States Magistrate Judge:

          This is a collective action brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiffs have also asserted a breach of contract claim. The matter is currently before me on the parties' application to approve the settlements agreed to by eight of the more than 33 plaintiffs (Docket Item ("D.I.") 134).[1] The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

          The action arises out of work performed by plaintiffs in connection with contracts between defendants and various

---

[1] By Orders dated April 1, 2016 and June 21, 2016, I approved the settlements that had been reached with respect to 25 of the plaintiffs.

public agencies, including the New York City Transit Authority (the "NYCTA"), the New York City Housing Authority, the New York City Department of Correction and the New York City School Construction Authority.  Plaintiffs allege that they worked for defendants as carpenters and laborers on these projects.  The contracts required defendants to pay plaintiffs a prevailing wage rate and required that plaintiffs be paid at least one and one-half times their regular rate for work in excess of forty hours per week and for weekend work.  Plaintiffs allege that they worked Monday through Friday for forty hours and sometimes were required to work an additional sixteen to twenty-four hours on weekends.  Plaintiffs allege that they were paid less than their regular hourly rate for the weekend work.

In 2009, several of the defendants were indicted for falsifying business records and defrauding employees by underpaying them on four NYCTA projects.  Several of the defendants pleaded guilty to some of the charges, and a restitution fund was established to provide compensation to those workers who were underpaid.  The restitution fund, however, was limited to the projects that were the subject of the indictment.  Additionally, in order to receive payment from the restitution fund, a worker was required to release all claims against the defendants.

Accordingly, many of defendants' employees did not seek payment from the fund.

Defendants concede that almost all plaintiffs are owed some wages. However, the parties vigorously dispute how much is owed. In support of their contention that plaintiffs' claims for unpaid wages after 2008 are exaggerated, defendants note that commencing in 2008, an independent monitor was installed to oversee defendants' payroll practices and that in 2008 training sessions for defendants' employees were conducted at which the employees were advised of their rights under the FLSA and NYLL. Defendants also note that the NYCTA conducted an audit to determine what wages were owed to employees who worked on NYCTA projects, and that audit disclosed unpaid wages in amounts far smaller than those claimed by plaintiffs. As additional evidence that plaintiffs' claims are exaggerated, defendants cite plaintiffs' interrogatory answers which defendants argue are inconsistent with plaintiffs' present claims. Defendants also cite worksite access records maintained in connection with several of the projects at issue; for security reasons, sign-in/sign-out logs were maintained at several of the work sites at issue. Defendants claim that these records demonstrate that some of the plaintiffs could not have worked all the hours that they claim.

On November 10, 2015, the late Honorable Miriam Goldman Cedarbaum, United States District Judge, granted in part and denied in part defendants' motion for partial summary judgment. Specifically, Judge Cedarbaum granted defendants' motion to dismiss the NYLL claims but denied the motion to dismiss the breach of contract claims.[2] Almazo v. M.A. Angeliades, Inc., 11 Civ. 1717 (MGC), 2015 WL 6965116 (S.D.N.Y. Nov. 10, 2015) (Cedarbaum, D.J.), reconsideration denied, 2016 WL 5719748 (S.D.N.Y. Sept. 29, 2016) (Pitman, M.J.).

Subsequent to Judge Cedarbaum's decision, I began conducting day-long settlement conferences. Conferences were held on January 15, 22, March 29, and May 16, 2016. The claims of 21 plaintiffs were settled at the conferences held in January and March. After negotiations, four other plaintiffs agreed to settle their claims either at or after the May 16 conference. Finally, in August 2016 and November 2016, the following eight plaintiffs agreed to settle their claims:

| Plaintiff | Amount Claimed | Settlement Amount |
|---|---|---|
| Juan Siavichay | $86,242.00 | $18,000.00 |
| Luis Terra | $172,531.28 | $25,000.00 |
| Jose Barbecho | $168,391.86 | $25,000.00 |

---

[2]Defendants' motion did not seek dismissal of the FLSA claims.

| | | |
|---|---|---|
| Luis Barbecho | $209,236.32 | $50,000.00 |
| Efrain Fernandez | $108,216.00 | $25,000.00 |
| Wilson Ortiz | $130,945.92 | $45,000.00 |
| Crecensiano Ruiz | $152,785.44 | $75,000.00 |
| Miguel Yuquilima[3] | $185,401.92 | $45,000.00 |

The parties have also agreed that defendants will pay an additional 1/3 of the total settlement amount of the August 2016 agreement and an additional 1/6 of the total settlement amount of the November 2016 agreement as attorneys' fees and costs.

I refused to approve earlier drafts of the settlement agreements because they each had a general release that ran only in favor of defendants (D.I. 133). I ordered the parties either to more narrowly define what was being released or to submit a memorandum of law explaining why the proposed settlements should have been approved in their present forms; the parties opted for the former. Under the revised settlement agreements, plaintiffs are releasing their claims brought in this lawsuit, all claims for unpaid overtime pursuant to the FLSA, all claims for retaliation pursuant to the FLSA and all correlative common law claims

---

[3] Siavichay and Tierra settled their claims in August 2016, and the other plaintiffs settled their claims by a separate agreement in November 2016.

5

associated with nonpayment or underpayment of wages, including any third-party beneficiary or breach of contract claims.

Counsel for both sides have requested that I approve these settlements so that payments to the plaintiffs who have settled can be made promptly.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." <u>Id</u>. (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

<u>Agudelo v. E & D LLC</u>, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." <u>Beckman v. KeyBank, N.A.</u>, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), <u>citing</u> <u>Lynn's Food Stores, Inc. v. United States</u>, <u>supra</u>, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber

of the party's attorneys. Based upon their performance at the settlement conferences and in subsequent court conferences, it is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlements.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the settlements represent less than one-half of each plaintiff's total claimed damages, that fact does not render them deficient. Defendants' documentary evidence

7

concerning the hours worked by plaintiffs is persuasive, and it is conceivable that plaintiffs could recover less at trial.

Second, the settlements will entirely avoid the burden, expense and aggravation of litigation. Defendants dispute the number of hours plaintiffs worked. Trial preparation would potentially require additional discovery to explore this issue. The settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. The inconsistencies between the amounts claimed by plaintiffs and their interrogatory answers and the site access records constitute compelling evidence that plaintiffs' provable damages are not as great as they claim. It is uncertain whether, or how much, plaintiffs would recover at trial. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (ellipses in original; internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5

8

(E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, I am confident that the settlements are reasonable based on their being agreed to by plaintiffs' counsel. Plaintiffs' counsel was exceptionally well prepared at all of the settlement conferences conducted to date and was fully familiar with the claims of each plaintiff and the pertinent legal and factual issues. Given the exceptional diligence and zeal with which plaintiffs' counsel represented their clients, I am confident that the settlements are fair.

Fifth, there are no factors here that suggest the existence of fraud or collusion.

The settlements also provide that plaintiffs' counsel will receive an additional 1/3 of the total settlement amount of the August 2016 agreement and an additional 1/6 of the total settlement amount of the November 2016 agreement as attorneys' fees and costs. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. <u>Santos v. EL Tepeyac Butcher Shop Inc.</u>, 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec.

9

15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). Moreover, these amounts will not be deducted from the settlement funds, but will instead be paid in addition to the settlement funds, which bolsters their reasonableness.

Accordingly, for all the foregoing reasons, I approve the settlements in this matter. In light of the settlements, the claims of all plaintiffs, other than Mario Astudillo, Augusto Venegas and Romulo Quizhpi, are dismissed with prejudice and without costs. With respect to Astudillo, Venegas and Quizhpi, within 30 days of the date of this Order, the parties are to submit a letter explaining why their claims should no longer remain open.

Dated:  New York, New York
        April 12, 2017

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel of Record